UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RIVIAN,<br><br>　　　　　Defendant. | Case No.  22-cv-03982-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: ECF No. 4] |

In this employment discrimination case, Plaintiff Ganiyu Ayinla Jaiyeola alleges that Defendant Rivian Automotive, LLC[1] (Rivian) did not hire him because of his race and national origin.  Jaiyeola asserts claims under Title VII of the Civil Rights Act of 1964 and Michigan's Elliot-Larsen Act ("ELCRA").

Before the Court is Rivian's Motion to Dismiss, or in the Alternative, Transfer Venue to the U.S. District Court for the Eastern District of Michigan.  Mot., ECF No. 4; *see also* Reply, ECF No. 15.  Rivian moves to dismiss Jaiyeola's Title VII claim under Federal Rule of Civil Procedure 12(b)(3) for improper venue, and both his Title VII and ELCRA claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Jaiyeola opposes.  Opp'n, ECF No. 12; Addendum, 14.[2]  Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for

---

[1] The complaint names "Rivian" as the defendant in this action.  Rivian Automotive, LLC, has identified itself as the proper defendant.  Mot. ¶ 1 n.1, ECF No. 4.

[2] In his opposition submitted at ECF No. 12, Jaiyeola (1) appeared to rely on facts and evidence extrinsic to the complaint to oppose Rivian's motion to dismiss for failure to state a claim; (2) relied on facts not in evidence to oppose Rivian's motion to dismiss for improper venue; and (3) failed to comply with the Court's standing orders.  The Court issued an order permitting Jaiyeola to submit a request for judicial notice or evidence to support his opposition.  *See* Order, ECF No. 13.  Jaiyeola thereafter submitted an "Addendum" accompanied by a request for judicial notice, exhibits, and an affidavit.  *See* ECF No. 14.  The Addendum appears to largely replicate

United States District Court
Northern District of California

submission without oral argument.

For the reasons that follow, the Court GRANTS Rivian's motion to dismiss Jaiyeola's Title VII claim for improper venue and GRANTS IN PART Rivian's motion to dismiss for failure to state a claim. Accordingly, Jaiyeola's Title VII claim is DISMISSED WITHOUT PREJUDICE to re-filing this action in a district where venue is proper under § 2000e-5(f)(3) and Jaiyeola's ELCRA claim is DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

The following factual allegations are taken from the Jaiyeola's complaint and are accepted as true for purposes of Rivian's motion to dismiss for failure to state a claim. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

Jaiyeola applied for an engineering position with Rivian on in April 2020. Compl. ¶ 6. Over the next several months, Rivian interviewed Jaiyeola for the position by Zoom and phone call. *Id.* Rivian informed Jaiyeola on June 24, 2020, that he would not be hired. *Id.*

Jaiyeola filed charges with the Michigan Department of Civil Rights (MDCR) and the United States Equal Employment Opportunity Commission (EEOC), alleging that he was not hired because of his race and national origin. *Id.* ¶ 8 & p.6.

The MDCR dismissed Jaiyeola's charge on December 22, 2021, determining that there was insufficient evidence to proceed. *Id.* p.5. The EEOC adopted the MDCR's findings and issued a dismissal of Jaiyeola's charge and notice of his right to sue on April 12, 2022. *Id.* p.4.

Jaiyeola filed this action on July 7, 2022, alleging that Rivian violated Title VII of the Civil Rights Act of 1964 and Michigan's Elliot-Larsen Civil Rights Act (ELCRA).

## II. LEGAL STANDARD

### A. Improper Venue

A defense of improper venue may be raised by motion under Federal Rule of Civil Procedure 12(b)(3). When venue is improper, the court "shall dismiss, or if it be in the interest of

---

Jaiyeola's opposition but adds citations to Jaiyeola's request for judicial notice, exhibits, and affidavit as well as some legal argument. The Court offers Jaiyeola some leeway as a *pro se* litigant and will consider his "Addendum" for the purpose of ruling on this motion to dismiss.

justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California."). "When the plaintiff asserts multiple claims, it must establish that venue is proper as to each claim." *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014). "However, where venue exists for the principal claim, federal courts will also adjudicate closely related claims, even if there is no independent source of venue for the related claims." *Id.*

In ruling on a motion to dismiss based on improper venue, "the allegations in the complaint need not be accepted as true and the Court may consider evidence outside the pleadings." *eBay Inc. v. Digital Point Sols., Inc.*, 608 F. Supp. 2d 1156, 1161 (N.D. Cal. 2009) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004)). Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

### B. Failure to State a Claim

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese*, 643 F.3d at 690.

However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

3

1    facially plausible when the alleged facts "allow[ ] the court to draw the reasonable inference that
2    the defendant is liable for the misconduct alleged." *Id.*

### III.  REQUESTS FOR JUDICIAL NOTICE

Before turning to the parties' substantive arguments, the Court addresses the parties' requests for judicial notice. The Court may generally consider matters properly subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

In support of its motion, Rivian requests that the Court take judicial notice of the court docket from *Jaiyeola v. Carrier Corporation, et al.*, No 5:00-cv-1578-LEKGJD (N.D.N.Y.), and the notice of new address filed in *Jaiyeola v. Toyota Motor Corp.*, 1:17-cv-562-JTN-SJB, ECF No. 410 (W.D. Mich. Mar. 14, 2022). *See* Rivian RJN, ECF No. 4-1. Rivian's request for judicial notice is GRANTED, as the documents are matters of public record and Jaiyeola does not dispute the documents' authenticity. Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Although the Court accepts these documents as public filings, specific facts and legal conclusions set forth in the documents may not bind this Court.

In support of his opposition, Jaiyeola requests that the Court take judicial notice documents he received from the MDCR. Jaiyeola RJN, ECF No. 14-3. Jaiyeola represents that the documents reflect an administrative record he obtained from the MDCR. *Id.* at 3. On their face, the documents purport to be responsive to a request for public records under the Freedom of Information Act and further purport to be associated with MDCR Case No. 612409. Jaiyeola RJN Ex. A, at 1, ECF No. 14-1. Rivian does not dispute the authenticity of the documents. But Rivian asks that the Court deny Jaiyeola's request for judicial notice because it would be "improper to consider or weigh such factual allegations for a motion to dismiss under FRCP 12(b)(6)." Reply 2-3.

A court may take judicial notice of public records but may not take judicial notice of facts in those records that may be subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The Court therefore GRANTS Jaiyeola's request to take judicial notice of the documents provided by the MDCR but does not take judicial notice of the specific facts contained within those documents.

4

### IV. DISCUSSION

Rivian moves to dismiss Jaiyeola's complaint or transfer the case to the Western District of Michigan. Rivian argues that the Court should dismiss Jaiyeola's Title VII claim under Federal Rule of Civil Procedure 12(b)(3) because venue is improper in this District under 42 U.S.C. § 2000e-5. Rivian argues that the Court should dismiss both of Jaiyeola's claims under Federal Rule of Civil Procedure 12(b)(6). The Court first addresses Rivian's venue argument and then addresses its argument that the complaint fails to state a claim under Title VII or the ELCRA.

#### A. Motion to Dismiss for Improper Venue

Rivian moves to dismiss Jaiyeola's Title VII claim, or in the alternative, transfer it to the Eastern District of Michigan. *See* Mot. 4. Discrimination claims brought under Title VII are subject to special venue requirements, rather than governed by the general federal venue statute. *See* 42 U.S.C. § 2000e-5(f)(3); *see also Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587 (9th Cir. 1991).

Title VII's venue provision provides that an action "may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). "[I]f the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.* Title VII's venue provision "seeks to limit venue to the judicial district concerned with the alleged discrimination." *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000) (internal quotation marks omitted).

Rivian argues that Jaiyeola has failed to carry his burden to establish that venue in the Northern District of California is proper for Jaiyeola's Title VII claim. *See* Mot. 4. Rivian argues that (1) the alleged unlawful employment practices occurred outside of California; (2) Rivian's employment records are not located in this District; and (3) Jaiyeola has not shown that he would have worked in this District. *Id.* at 4; Reply 7-9.

5

### 1. State in Which the Unlawful Employment Practice is Alleged to Have Been Committed

Under the first prong of Title VII's venue provision, venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). Under this prong, "venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." *Passantino*, 212 F.3d at 506.

Rivian argues that Jaiyeola has not established that venue is proper in the Northern District of California under this prong because he has shown that the employment decision was made or its effects were felt in California. Rivian notes that (1) Jaiyeola was a resident of and physically in Michigan when he applied, interviewed, and was told he would not be hired for the position; (2) the person who informed Jaiyeola that he would not be hired was an employee at Rivian's Plymouth, Michigan, location; (3) Jaiyeola would have worked in Michigan if hired for the position; and (4) the hiring manager for the position was an employee of Rivian's Plymouth, Michigan, location during Jaiyeola's interview process. Reply 7-8; *see also* Mot. 4. Jaiyeola argues that venue is proper in the Northern District of California because "on information or belief" three of the Rivian employees who interviewed him by Zoom did so from locations in California. Addendum 11-12. Jaiyeola does not appear to dispute that the effects of the employment decision were felt in Michigan, not California.

Jaiyeola has not established that the employment decision was made in California. Jaiyeola states in his declaration that Xiaoling Jin was the hiring manager for the position and the Rivian employee who made the decision not to hire him. Jaiyeola Decl. ¶¶ 10, 15, ECF No. 14-4. Jaiyeola also states that Terry Ferrier was the Rivian employee who informed him that Rivian would not be hiring him. *Id.* ¶ 11. Rivian does not dispute these assertions, but counters that both Jin and Ferrier were employees in Rivian's Plymouth, Michigan, location. Paz I Decl. ¶ 6, ECF No. 4-4; Paz II Decl. ¶ 3, ECF No. 15-1. These facts establish that the employment decision was made in Michigan, not California.

Jaiyeola's assertion that three of his interviewers were based in California when they interviewed him by Zoom does not establish that the employment decision was made in

6

California. Jaiyeola identifies seven Rivian employees who interviewed him, *see* Jaiyeola Decl. ¶ 10, and states in his opposition that three of these interviewers were based in California, *see* Addendum 12. But the forums for proper venue under the first prong of title VII's venue statute are "where the employment decision is made" or where "that decision is implemented or its effects are felt." *See Passantino*, 212 F.3d at 506. That several of Jaiyeola's interviewers were based in California when they interviewed him by Zoom does not overcome the undisputed evidence that the decision not to hire Jaiyeola was made by a hiring manager located in Michigan and that Jaiyeola was living in Michigan when the decision was made.

Jaiyeola has not established that the decision not to hire him was made or implemented in California or that he felt the decision's impact in California. The Court therefore finds that Jaiyeola has not established that venue is proper in the Northern District of California under the first prong of Title VII's venue provision.

### 2. District in Which Rivian's Employment Records are Located

Under the second prong of Title VII's venue provision, venue is proper "in the judicial district in which the employment records relevant to [the alleged unlawful employment] practice are maintained and administered." 42 U.S.C. § 2000e-5(f)(3).

Jaiyeola argues that venue is proper in the Northern District of California because "[Rivian] has its Headquarters in Irvine, California" and "[u]pon information and belief, the web server for the [Rivian's] Human Resources records are in Irvine, California." Addendum 12. Rivian responds that its records are not maintained and administered in Irvine, but rather are "stored electronically in a private, cloud-based folder," *see* Paz II Decl. ¶ 2, and even if Jaiyeola were right, Irvine, California, is not in the Northern District of California," Reply 9.

The Court finds that Plaintiff has not established that venue is proper in the Northern District of California under the second prong of Title VII's venue provision. Courts have held that the location of the server establishes the location of the records under section 2000e-5(f)(3) when employment records are maintained and administered electronically. *See, e.g.*, *Gadson v. United Airlines, Inc.*, No. 15-CV-00460-VC, 2015 WL 3372265, at *2 (N.D. Cal. May 22, 2015). Here, the undisputed evidence is that the relevant records are stored electronically, Paz II Decl. ¶ 2, and

7

1  there is no evidence that the server containing these records is in the Northern District of
2  California. Even accepting Jaiyeola's allegations as true, which the Court need not do for the
3  purposes of Rivian's motion to dismiss for improper venue, Jaiyeola's allegations support the
4  conclusion that venue is proper in the Central District of California, not the Northern District of
5  California. Accordingly, the Court finds that Jaiyeola has not established that venue is proper in
6  the Northern District of California under the second prong of Title VII's venue provision.

### 3. District in Which Jaiyeola Would Have Worked

Under the third prong of Title VII's venue provision venue is proper "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).

Rivian argues that the venue is improper in the Northern District of California under this prong of Title VII's venue provision because the position for which Jaiyeola applied was for Rivian's Plymouth, Michigan location. Mot. 4; Paz I Decl. ¶ 4 & Ex. A. Jaiyeola concedes that the job description of the position for which he applied listed Plymouth, Michigan, but he argues that venue is proper in the Northern District of California because the hiring manager who interviewed him told him the position would actually be in California; (2) an employee in Rivian's Corrosion Laboratory in Colorado told Jaiyeola they would be working together; and (3) Rivian advertised the same job that Jaiyeola applied for under a different title and listed Irvine, California, as the location. Addendum 12; Jaiyeola Decl ¶ 11.D.

The Court finds that Jaiyeola has not established that venue is proper in the Northern District of California under the third prong of Title VII's venue provision. Jaiyeola states in a declaration that the hiring manager for the position for which he applied told him the job would be in California. Jaiyeola Decl. ¶ 11.D. Jaiyeola further contends that Rivian "readvertised the same job that [he] applied for online (www.indeed.com) under a different title" with a location of "Irvine, California." Addendum 12. Taking Jaiyeola's allegations and declaration together, Jaiyeola appears to argue that he would have worked in Irvine, California, if Rivian hired him. This does not establish proper venue in the Northern District of California, because Irvine, California, is in the Central District. Jaiyeola's contentions about the job potentially being in Colorado are even further afield.

United States District Court
Northern District of California

1  Accordingly, the Court finds that Jaiyeola has not demonstrated that venue is proper in the Northern

2  District of California under the third prong of Title VII's venue provision.

3             \*   \*   \*

4   Jaiyeola has not demonstrated that venue is proper in the Northern District of California for his

5  Title VII claim under any prong of Title VII's venue provision. Accordingly, the Court GRANTS

6  Rivian's motion to dismiss Jaiyeola's Title VII claim under Federal Rule of Civil Procedure 12(b)(3).

7    **B.**  **Motion to Dismiss for Failure to State a Claim**

8   Rivian moves to dismiss Jaiyeola's claims under Federal Rule of Civil Procedure 12(b)(6)

9  for failure to state a claim. As the Court has granted Rivian's motion to dismiss Plaintiff's Title

10  VII claim for lack of venue, the Court does not reach whether Jaiyeola states a claim under Title

11  VII. The Court does, however, analyze whether Jaiyeola states a claim under the ELCRA.

12   The parties appear to agree that the elements governing Jaiyeola's ELCRA claim are the

13  elements required to establish a prima facie case under Title VII of the Civil Rights Act of 1964.

14  *See* Mot. 5; Addendum 13-14. These elements are: (1) Plaintiff belongs to a protected class; (2)

15  Plaintiff applied for and was qualified for the position he was denied; (3) Plaintiff was rejected

16  despite his qualifications; and (4) the Defendant filled the position with an employee not of the

17  plaintiff's class or continued to consider other applicants whose qualifications were comparable to

18  the plaintiff's after rejecting the plaintiff. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792,

19  802 (1973); *Dominguez–Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1037 (9th Cir. 2005); *see*

20  *also Hazle v. Ford Motor Co.*, 464 Mich. 456, 463 (2001) (applying *McDonnell Douglas*

21  framework to ELCRA claim).

22   Rivian argues that Jaiyeola has failed to allege elements 2 through 4—that he was qualified

23  for the position, that he was rejected despite his qualifications, or that Rivian filled the position

24  with an employee not of Jaiyeola's class, or that Rivian continued to consider other applicants

25  whose qualifications were comparable after rejecting Jaiyeola. Mot. 5. Jaiyeola responds with

26  contentions outside of his complaint. He argues that (1) Rivian offered shifting reasons for not

27  hiring him; (2) cancelled position to avoid hiring him; and (3) two employees influenced the hiring

28  manager's decision not to hire him on the basis of impermissible bias. Addendum 14-15.

9

The Court finds that Jaiyeola's complaint fails to include factual allegations of elements necessary to support his ELCRA claim. The complaint contains no allegation that Jaiyeola was qualified for the position for which he applied, that he was rejected despite those qualifications, or that the Rivian filled the position with an employee not of the Jaiyeola's class or continued to consider other applicants whose qualifications were comparable to the Jaiyeola's after rejecting him. Although Jaiyeola's declaration appears to supply some of these missing facts, the Court is not permitted to consider such materials, as they are outside of the Jaiyeola's pleadings. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015) ("Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss . . . if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice."). The Court therefore GRANTS Rivian's motion to dismiss Jaiyeola's ELCRA claim WITH LEAVE TO AMEND.

If Jaiyeola files an amended complaint, the complaint should include factual allegations supporting each of the elements of a prima facie case under the ELCRA.

## V. ORDER

For the foregoing reasons IT IS HEREBY ORDERED THAT:

- Rivian's motion to dismiss Jaiyeola's Title VII claim for improper venue is GRANTED; Jaiyeola's Title VII claim is DISMISSED WITHOUT PREJUDICE to re-filing this action in a district where venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3).
- Rivian's motion to dismiss for failure to state a claim is GRANTED as to Jaiyeola's ELCRA claim; Jaiyeola's ELCRA claim is DIMISSED WITHOUT PREJUDICE.

Plaintiff shall file an amended complaint within 21 days. No new parties or claims may be added without prior approval of the Court or stipulation by Defendant.

Dated: February 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge