UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA,<br><br>   Plaintiff,<br><br> v.<br><br>RIVIAN,<br><br>   Defendant. | Case No.  22-cv-03982-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: ECF No. 29] |

In this employment discrimination case, Plaintiff Ganiyu Ayinla Jaiyeola alleges that Defendant Rivian Automotive, LLC (Rivian) did not hire him because of his race, color, and national origin.  Jaiyeola asserts claims under Title VII of the Civil Rights Act of 1964 and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA").

Before the Court is Rivian's Motion to Dismiss.  Mot., ECF No. 29; *see also* Reply, ECF No. 34.  Rivian moves to dismiss Jaiyeola's Title VII claim under Federal Rule of Civil Procedure 12(b)(3) for improper venue and his ELCRA claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Jaiyeola opposes.  Opp'n, ECF No. 30.  Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for submission without oral argument.

For the reasons that follow, Rivian's motion to dismiss is GRANTED WITHOUT PREJUDICE TO FILING IN A DISTRICT WHERE VENUE IS PROPER.

**I. BACKGROUND**

Jaiyeola applied for a materials engineering position with Rivian on April 27, 2020.  First Am. Compl. ("FAC") ¶ 6, ECF No. 24.  Over the next several months, Rivian interviewed Jaiyeola for the position by Zoom and phone call.  *Id.* ¶¶ 7-19.  Rivian informed Jaiyeola on June

24, 2020, that he would not be hired. *Id.* ¶ 20. Jaiyeola asserts that Rivian did not hire him because he is black, African American, and of Nigerian national origin. *Id.* ¶¶ 2-3, 37.

On August 17, 2020, Jaiyeola filed charges with the Michigan Department of Civil Rights (MDCR) and the United States Equal Employment Opportunity Commission (EEOC), alleging that he was not hired because of his race and national origin. *Id.* ¶ 23; *see also* Jaiyeola Decl. Ex. H ("MDCR-EEOC Compl."), ECF No. 24-2.

The MDCR dismissed Jaiyeola's charge on December 22, 2021, determining that there was insufficient evidence to proceed. FAC ¶ 24. The EEOC issued Jaiyeola a notice of right to sue on April 12, 2022. *Id.* ¶ 25.

Jaiyeola filed this action on July 7, 2022, alleging that Rivian violated Title VII and the ELCRA. Compl., ECF No. 1. The Court dismissed Jaiyeola's complaint because Jaiyeola had not established that this Court was a proper venue for his Title VII claim and because Jaiyeola had failed to plausibly allege an ELCRA violation. Order, ECF No. 23.

Jaiyeola filed his FAC on March 7, 2023, realleging both of his claims. FAC ¶¶ 32-41. Rivian moves to dismiss both claims.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss for Improper Venue Under Rule 12(b)(3)

A defense of improper venue may be raised by motion under Federal Rule of Civil Procedure 12(b)(3). When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California."). "When the plaintiff asserts multiple claims, it must establish that venue is proper as to each claim." *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014). "However, where venue exists for the principal claim, federal courts will also adjudicate closely related claims, even if there is no independent source of venue for the related claims." *Id.*

In ruling on a motion to dismiss based on improper venue, "the allegations in the

2

1  complaint need not be accepted as true and the Court may consider evidence outside the
2  pleadings." *eBay Inc. v. Digital Point Sols., Inc.*, 608 F. Supp. 2d 1156, 1161 (N.D. Cal. 2009)
3  (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004)).  Whether to dismiss
4  for improper venue, or alternatively to transfer venue to a proper court, is a matter within the
5  sound discretion of the district court.  *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a facial attack, the movant asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint.  *Id.*

In a factual attack, the movant disputes the truth of allegations that otherwise would give rise to federal jurisdiction.  *Id.*  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Id.*  "The court need not presume the truthfulness of the plaintiff's allegations."  *Id.*  Once the moving party has presented evidence demonstrating the lack of subject matter jurisdiction, the party opposing the motion must present affidavits or other evidence sufficient to establish subject matter jurisdiction.  *Id.*  "However, in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject-matter are viewed in the light most favorable to the opposing party."  *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 710 (N.D. Cal. 2011), *aff'd*, 572 F. App'x 494 (9th Cir. 2014) (citing *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996)).  "The disputed facts related to subject-matter jurisdiction should be treated in the same way as one would adjudicate a motion for summary judgment."  *In re Facebook Privacy Litig.*, 791 F. Supp. 2d at 710 (citing *Dreier*, 106 F.3d at 847).

### III. REQUEST FOR JUDICIAL NOTICE

Before turning to the merits, the Court addresses Rivian's requests for judicial notice.  A court "may judicially notice a fact that is not subject to reasonable dispute" because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined

from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. These documents of which Rivian asks the Court to take judicial notice can be broken into two categories: (1) court filings and (2) a public website.

First, Rivian asks the Court to take judicial notice of certain court filings. *See* Mot. RJN Exs. A-C; Reply RJN Exs. A-B. "A court may . . . take judicial notice of the existence of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents." *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017) (internal quotations omitted). Accordingly, the Court takes judicial notice of these court filings but does not take judicial notice of the facts within them. For example, the Court takes judicial notice of the claims asserted in the complaint filed in the Western District of Michigan. The Court does not, however, take judicial notice of any facts in these documents—including statements Jaiyeola may have made about his residence or employment. *See Reynoso v. Fid. Nat. Title Ins. Co.*, No. 03:13-CV-01600-HZ, 2013 WL 6919666, *5 (D. Or. Dec. 31, 2013) ("[T]he court may not take judicial notice of facts presented in [documents filed in another case] or in court opinions for the purpose of establishing those facts in the case currently before it." (citing *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003))). However, the Court does take judicial notice of Plaintiff's own representations to the various courts of his residence address.

Second, Rivian asks the Court to take judicial notice of a screenshot of a LinkedIn page. Mot. RJN, ECF No. 29-2; Reply RJN, ECF No. 34-1. Rivian cites this screenshot to establish Jaiyeola's location and employment. The Court denies Rivian's request that the Court take judicial notice of these facts based on this screenshot. *McGucken v. Lonely Planet Glob., Inc.*, No. CV 22-5476-DMG (SKX), 2023 WL 4206107, at *2 n.3 (C.D. Cal. May 11, 2023) (denying request to take judicial notice location of witnesses based on LinkedIn pages where the pages' accuracy had not been established).

**IV.   DISCUSSION**

Rivian moves to dismiss both of Jaiyeola's claims. Rivian argues that the Court should dismiss Jaiyeola's Title VII claim because Jaiyeola has not alleged or otherwise established that

1  venue is proper in this District under 42 U.S.C. § 2000e-5.  Rivian argues that the Court should
2  dismiss Jaiyeola's ELCRA claim because Jaiyeola has not established diversity jurisdiction and
3  the Court should decline to exercise supplemental jurisdiction over the claim.

### A. Title VII Claim

Rivian moves under Federal Rule of Civil Procedure 12(b)(3) to dismiss Jaiyeola's Title VII claim for improper venue.  *See* Mot. 5.  Rivian argues that the claim should be dismissed because Jaiyeola has not alleged facts demonstrating Title VII venue in this Court.  *See id*.

Jaiyeola does not dispute that he has not addressed these deficiencies.  *See* Opp'n 2.  Nor does his briefing point to any new evidence that would establish that venue is proper in this Court.

Accordingly, for the reasons provided in this Court's order on Rivian's prior motion to dismiss (Order, ECF No. 23), Rivian's motion to dismiss Jaiyeola's Title VII claim for improper venue is GRANTED.  Jaiyeola has now failed to plead or provide evidence supporting venue in this District multiple times.  Jaiyeola's Title VII claim is DISMISSED WITHOUT PREJUDICE to re-filing in a district where venue is proper under 42 U.S.C. § 2000e-5(f)(3) but WITH PREJUDICE to re-filing in this District.

### B. ELCRA Claim

Rivian moves to dismiss Jaiyeola's ELCRA claim on the basis that this Court lacks diversity jurisdiction and should not exercise supplemental jurisdiction.

#### 1. Diversity Jurisdiction

Rivian argues that the Court lacks diversity jurisdiction over Jaiyeola's ELCRA claim. Mot. 5-6.  Jaiyeola argues that the parties are diverse because he was a citizen of Michigan when he filed the action and Rivian is a citizen of Delaware and California.  Opp'n 3-4.

Under the diversity jurisdiction statute, federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The basic requirement in diversity cases is that all plaintiffs must be of different citizenship from all defendants or there is no federal diversity jurisdiction.  *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 562 (2005).  A court "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of

facts that existed at the time of filing." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *see also Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986 ("[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed."). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *Bass v. Bennett*, No. 20-CV-1081-FMO 2020 WL 4032466, at *1 (C.D. Cal. Apr. 10, 2020) (quoting *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016)).

Here, the parties do not dispute that Rivian was a citizen of California when Jaiyeola filed his complaint. But they do dispute whether Jaiyeola was a citizen of California.

A natural person is deemed to be a citizen of the state where he or she is domiciled, which is where he or she resides with the intention to remain. *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir.1983); *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). "[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Jaiyeola's pleadings provide prima facie evidence that Jaiyeola was a citizen of California at the time of filing. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). However, this Court agrees with the courts in this District that have held that "[a] party's residence is 'prima facie' evidence of domicile." *See, e.g.*, *Zavala v. Deutsche Bank Tr. Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013); *see also Cisneros Pantoja v. RAMCO Enterprises, L.P.*, No. 19-CV-03336-LHK, 2019 WL 5959630, at *9 (N.D. Cal. Nov. 13, 2019) (holding that "a person's residence is prima facie evidence of domicile and citizenship" but noting that the Ninth Circuit has "suggested that the issue was still open"). Jaiyeola alleged in his original complaint that he "resides at" an address in Cupertino, California. Compl. ¶ 1. Jaiyeola's FAC does not contradict this admission. *See* FAC ¶ 26 ("Plaintiff is now a

6

1  resident of Cupertino, Santa Clara County, in the State of California."). These factual assertions
2  are judicial admissions, which are "conclusively binding" on Jaiyeola. *See Am. Title Ins. Co. v.*
3  *Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). These judicial admissions establish that
4  Jaiyeola resided in California when he filed his complaint and therefore provide prima facie
5  evidence that Jaiyeola was domiciled in California.

6  Jaiyeola fails to adduce facts that overcome this prima facie evidence. "It is a longstanding
7  principle that '[t]he place where a person lives is taken to be his domicile until facts adduced
8  establish the contrary.'" *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016)
9  (quoting *Anderson v. Watts*, 138 U.S. 694, 706 (1891)). As evidence of his domicile, Jaiyeola
10 submits a declaration and a copy of his Michigan driver's license. Jaiyeola Decl. Ex. A, ECF No.
11 30-1. He states in the declaration that the license shows his domicile in Michigan and his
12 citizenship of the State of Michigan "when [he] filed the First Amended Complaint." Jaiyeola
13 Decl. ¶ 3. This evidence fails to overcome the prima facie evidence that Jaiyeola was domiciled in
14 California when he filed his complaint for two reasons. First, the declaration discusses Jaiyeola's
15 domicile when he filed his FAC, not when he filed his initial complaint. Thus, the declaration
16 does not provide evidence of domicile at the relevant time. *See Lew*, 797 F.2d at 750 ("[T]he
17 existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed.").
18 Second, while the Michigan driver's license is evidence of domicile in Michigan on the date it was
19 issued, June 11, 2021 (ECF No. 30-1), it does not relate to Plaintiff's residence on July 7, 2022,
20 when he filed this complaint, and does not outweigh Jaiyeola's admission that he resided in
21 California when he filed his complaint. Further, the Court notes that Jaiyeola filed a change of
22 address on March 14, 2022, in the Western District of Michigan advising the Court of his new
23 address in Cupertino, California. ECF No. 29-2. That notice predates the initial complaint in this
24 case by almost four months. Jaiyeola has therefore not met his burden of establishing diversity of
25 citizenship by a preponderance of the evidence. *Williams v. Sugar Hill Music Publ'g, Ltd.*, No. C
26 05-03155 CRB, 2006 WL 1883350, at *6 (N.D. Cal. July 7, 2006) ("The burden of establishing
27 diversity is on the party seeking to invoke it and it must be proved by a preponderance of the
28 evidence."); *Cf. Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)

("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary.").

The Court finds that it lacks diversity jurisdiction over Jaiyeola's claims. Thus, the Court turns to supplemental jurisdiction to determine whether Jaiyeola's ELCRA claim should be dismissed.

### 2. Supplemental Jurisdiction

In light of the dismissal of Jaiyeola's federal law claim and Jaiyeola's failure to establish this Court's diversity jurisdiction, the only basis for the Court to maintain jurisdiction over Jaiyeola's ELCRA claim is supplemental jurisdiction. *See* 28 U.S.C. § 1367.

"A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, the balance of factors favors declining supplemental jurisdiction. First, the case is still in its early stages, which favors declining supplemental jurisdiction. *Epikhin v. Game Insight N. Am.*, 145 F. Supp. 3d 896 (N.D. Cal. 2015). Second, Jaiyeola's Title VII and ELCRA claim appear to be closely related, and thus declining supplemental jurisdiction to enable these claims to be litigated together serves convenience and judicial economy. Accordingly, the Court declines to exercise supplemental jurisdiction.

\*   \*   \*

In sum, the Court finds that it lacks diversity jurisdiction over Jaiyeola's claims and declines to exercise supplemental jurisdiction over the ELCRA claim in light of the dismissal of the Title VII claim. Accordingly, Rivian's motion to dismiss the ELCRA claim for lack of subject matter jurisdiction is GRANTED.

## V. ORDER

For the foregoing reasons IT IS HEREBY ORDERED THAT:

1. Rivian's motion to dismiss Jaiyeola's Title VII claim for improper venue is GRANTED; Jaiyeola's Title VII claim is DISMISSED WITHOUT PREJUDICE to filing in a district where venue is proper under 42 U.S.C. § 2000e-5(f)(3) but WITH PREJUDICE to re-filing in the Northern District of California.

2. Rivian's motion to dismiss Jaiyeola's ELCRA claim for lack of subject matter jurisdiction is GRANTED WITHOUT PREJUDICE to filing in the proper court.

Dated:  August 1, 2023

_____
BETH LABSON FREEMAN
United States District Judge